**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**GREENBRIER COUNTY BOARD OF EDUCATION,**
**Employer Below, Petitioner**

**vs.)    No. 20-0279** (BOR Appeal No. 2054604)
                          (Claim No. 2017023748)

**EARL E. SMITH,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Greenbrier County Board of Education, by counsel H. Toney Stroud, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Earl E. Smith, by counsel Patrick K. Maroney, filed a timely response.

The issues on appeal are compensability and permanent partial disability for occupational pneumoconiosis. By Order dated April 4, 2017, the claims administrator rejected the claim. On March 1, 2018, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's rejection of the claim and held the claim compensable for occupational pneumoconiosis benefits on a non-medical basis. The Office of Judges found that Mr. Smith is entitled to the presumption set forth in West Virginia Code § 23-4-8c(b). Following the determination of compensability, the claims administrator granted Mr. Smith a 10% permanent partial disability award on July 17, 2018. The Office of Judges affirmed the claims administrator's grant of a 10% award on August 27, 2019. This appeal arises from the Board of Review's Order dated February 20, 2020, in which the Board affirmed the Orders of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

1

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Office of Ins. Comm'r*, 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office of Insurance Comm'r*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Office of Ins. Comm'r*, 227 W.Va. 330, 334, 708 S.E.2d 524, 528 (2011). With these standards in mind, we proceed to determine whether the Board of Review committed error in affirming the decision of the Office of Judges.

Mr. Smith, a former janitor with Greenbrier County Schools, filed an application for occupational pneumoconiosis benefits on March 23, 2017, with a last date of exposure of March 10, 2017.[1] He was employed as a janitor since 1985, and he was allegedly exposed to the hazards of occupational pneumoconiosis while working in West Virginia for thirty years. Mr. Smith reported that he was exposed to coal dust, chemicals, floor stripping substances, wax and asbestos. Accompanying his application was a chest x-ray dated July 29, 2016, showing non-specific increased lung markings. The Physician's Report of Occupational Pneumoconiosis was completed at Rainelle Medical Center's Black Lung Clinic. The physician stated that the first date of treatment or examination was October 11, 2016, and Mr. Smith had pulmonary function testing on October 11, 2016, where he was diagnosed with occupational pneumoconiosis. By Order dated April 4, 2017, the claims administrator rejected the claim on the basis that Mr. Smith did not satisfy the exposure requirements of W. Va. Code § 23-4-15(b).[2] Mr. Smith protested the claims administrator's decision.

---

[1] Mr. Smith filed two prior claims for occupational pneumoconiosis benefits in Claim Nos. 2001055843 and 2007026085. The first claim had a date of last exposure of June 6, 2001 and the second was June 27, 2007. By Orders of the claims administrator dated November 28, 2001, and August 27, 2007, the claims were held compensable on a non-medical basis with the Greenbrier County Board of Education being the sole chargeable employer. It was determined that Mr. Smith is entitled to the presumption that any chronic respiratory disability resulted from his employment.

[2] In order to file an occupational pneumoconiosis claim, W. Va. Code § 23-4-1 requires that an employee be exposed to the hazards of occupational pneumoconiosis in the State of West

2

Mr. Smith testified by deposition on July 12, 2017, that he was employed by the Greenbrier County Board of Education for over thirty years. It had been over three years since he worked full time. When he started in 1985, he worked as a custodian. The majority of the time he worked at Rainelle Elementary. Mr. Smith described his duties that exposed him to dust included buffing floor tiles with a machine and taking care of four fired furnaces. He had to unload coal, shovel coal into the furnaces and then stoke the furnaces. He stated that he had additional exposure to dust and smoke while cleaning ashes from the furnaces. Mr. Smith testified that he believed that the floor tiles at Rainelle Elementary were asbestos, and he reported that the tile flooring in the cafeteria was removed because it was found to be made of asbestos. He testified that he never smoked, and he never had any problems with his lungs in the prior to his occupational pneumoconiosis diagnosis.

The employer submitted evidence regarding the use of coal furnaces at the school where Mr. Smith was employed and argued that Mr. Smith could not present evidence of exposure to dust after 1996 because the four coal powered furnaces were transitioned into an oil based system at that time. It was the petitioner's opinion that any impairment related to coal dust exposure would have been resolved in the 2001 and 2007 claims.

On March 1, 2018, the Office of Judges reversed the claims administrator's rejection of the application for occupational pneumoconiosis benefits, and the claim was held compensable on a non-medical basis. The Office of Judges determined that Mr. Smith was exposed to numerous hazards of dust in the course of his employment as a janitor throughout the school system in Greenbrier County. Because it was found that Mr. Smith has sufficient exposure to the hazards of occupational pneumoconiosis in the State of West Virginia to give the claims administrator jurisdiction to consider the claim, the Office of Judges held that he was entitled to the benefits of the presumption of W. Va. § 23-4-8c(b). It was also held that that the claim was timely filed pursuant to W. Va. Code § 23-4-15, with Greenbrier County Board of Education being the sole chargeable employer in the claim.

Subsequently, the claim was referred to the Occupational Pneumoconiosis Board for an evaluation on May 10, 2018. The Occupational Pneumoconiosis Board made a diagnosis of occupational pneumoconiosis and recommended 10% permanent partial disability impairment. On July 17, 2018, the claims administrator granted Mr. Smith a 10% permanent partial disability

---

Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure to such hazards, or for any five of fifteen years immediately preceding the date of such last exposure. Further, the application, under W. Va. Code § 23-4-15(b), must be filed within three years after the latest of the following events: (a) the day of the last continuous period of sixty days during which the employee was exposed to the hazards of occupational pneumoconiosis; or (b) the day that a physician told the employee of his or her occupational pneumoconiosis; or (c) the date that the claimant should have known that he or she should have known that he or she had occupational pneumoconiosis caused occupational exposure. The law states, that if the claim is not timely filed, the claimant cannot receive workers' compensation benefits.

award. The Office of Judges affirmed the 10% permanent partial disability award in an Order dated August 27, 2019.

Greenbrier County Board of Education appealed both decisions of the Office of Judges and argued that it was clearly wrong to rule Mr. Smith's claim compensable on a non-medical basis because the evidence establishes that he has not been exposed to hazardous dust since 1996. The petitioner argued that Mr. Smith does not meet the requirements to file a new claim for benefits, and referenced *Pennington v. West Virginia Office of the Insurance Commissioner*, 241 W. Va. 180, 820 S.E.2d 626 (2018), which requires a claimant to have a diagnosis of impairment due to occupational pneumoconiosis made known to the claimant by a physician.[3] On February 20, 2020, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Orders dated March 1, 2018, and August 27, 2019.

After review, we agree with the findings and conclusions of the Office of Judges, as affirmed by the Board of Review. Although the Greenbrier County Board of Education argues that he does not meet the requirements to file a new claim pursuant to *Pennington*, the Office of Judges determined that the record suggests that Mr. Smith was exposed to numerous hazards of dust in the course of his employment as a janitor, including asbestos, coal dust and numerous other dust particles while working throughout the school system. The Occupational Pneumoconiosis Board found that Mr. Smith has impairment from occupational pneumoconiosis on May 10, 2018. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

---

[3] This Court affirmed the decisions of the Board of Review in four consolidated workers' compensation cases, holding that the claimants' applications for occupational pneumoconiosis benefits were properly rejected pursuant to W. Va. Code 23-4-15(b), which provides that a claimant may either file an occupational pneumoconiosis claim within three years of the claimant's date of last exposure to the hazards of occupational pneumoconiosis or within three years of the date a diagnosed impairment due to occupational pneumoconiosis was made known to the claimant by a physician. The Court determined that none of the claimants filed an application within three years of their date of last exposure.

**ISSUED: September 22, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton